UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JAMES A. ROSE,

    **Plaintiff,**

v.      ACTION NO. 2:10cv553

GREENBRIER CHRYSLER,

    **Defendant.**

## DISMISSAL ORDER

Plaintiff brought this pro se action. He filed a one-page Complaint that references obtaining a right to sue letter from the EEOC and states other facts. The Complaint does not identify particular causes of action or state clearly why Plaintiff believes Defendant[1] violated any of his rights.

On January 12, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Although Plaintiff was advised of his opportunity to respond to Defendant's Motion to Dismiss, he did not do so; the Motion to Dismiss is thus ripe for consideration. For the reasons below, the Court will grant Defendant's Motion to Dismiss.

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978); Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is

---

[1] Plaintiff named Greenbrier Chrysler as Defendant. Defendant's counsel has indicated that the proper entity that should have been named is Southern Chrysler Jeep.

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Id.; Iqbal, 129 S. Ct. at 1951. A pro se complaint involving civil rights issues should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 129 S. Ct. at 1951. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976); Twombly, 550 U.S. at 558.

Plaintiff did not identify any particular causes of action or claims asserted. Because of the facts he does assert and his reference to the EEOC, the Court presumes (as did Defendant) that Plaintiff intended to assert some type of employment discrimination claim. Plaintiff's alleged facts, however, are simply insufficient to demonstrate a plausible claim of entitlement to relief under any likely theories. While Plaintiff does state that he was called "a Nigga" on one occasion, he does not identify his race, who made the slur, the circumstances of the slur, or facts indicating the conduct could be imputed to the employer. He has not alleged any facts indicating that the conduct was severe or pervasive enough to rise to the level that could be considered a hostile work environment. It appears Plaintiff may have resigned after he became frustrated that the investigation into the incident was not proceeding as he thought it should, but this does not state a claim of any type. The bulk of Plaintiff's allegations appear related to events occurring after the name-calling arising from the subsequent handling of his complaint by the employer and the EEOC. While Plaintiff may not have been pleased with how his complaint was handled, he has not established any plausible claim

that any laws or rights were violated by the investigation. Plaintiff has not identified any adverse employment action that would support a claim of retaliation. In sum, Plaintiff's Complaint simply fails to state a plausible claim upon which relief could be granted. Because the Complaint's factual allegations are so insufficient, however, the Court cannot conclude that Plaintiff could not possibly state a cognizable claim. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** this case without prejudice.

Plaintiff is advised that he may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 9, 2011

3